UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
OFFICE

2005 OCT 11  P 6: 15

U
Civil Case No. 05-30088-MAP

CAROL JARVIS,                    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Defendant.           )
                                 )

## ANSWER

NOW COMES the defendant, the United States of America, by and through Michael J. Sullivan, United States Attorney, and Thomas J. O'Connor, Jr., Assistant U.S. Attorney, and hereby answers the allegations of the Complaint as follows:

1.    The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and, therefore, leaves the plaintiff to her proof.

2.    The defendant admits that the defendant is the United States of America.

3.    The defendant states that the allegations contained in paragraph 3 of the Complaint are jurisdictional in nature and, therefore, do not require a response.

4.    The defendant admits the allegations set forth in paragraph 4 of the Complaint.

5.    The defendant admits the allegations set forth in paragraph 5 of the Complaint.

6.    The defendant admits the allegations set forth in paragraph 6 of the Complaint.

7.    The defendant admits that the motor vehicle operated by Robert Uselton collided with the rear of the plaintiff's motor vehicle but denies the remainder of the allegations set forth in paragraph 7 of the complaint.

8.    The defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and, therefore, leaves the plaintiff to her proof.

9.    The defendant denies the allegations set forth in paragraph 9 of the Complaint.

10.    The defendant denies the allegations set forth in paragraph 10 of the Complaint.

11.    The defendant denies the allegations set forth in paragraph 11 of the Complaint.

12.    The defendant hereby incorporates its answers to the allegations contained in paragraphs 1 through 11 of the Complaint.

13.    The defendant admits that it was the registered owner of the motor vehicle operated by Robert Uselton on April 17, 2002, that collided with the plaintiff's motor vehicle.  The defendant is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations contained in paragraph 13 of the Complaint, and, therefore,

leaves the plaintiff to her proof.

14.  The defendant admits the allegations set forth in paragraph 14 of the Complaint.

15.  The defendant admits the allegations set forth in paragraph 15 of the Complaint.

16.  The defendant denies the allegations set forth in paragraph 16 of the Complaint.

17.  The defendant denies the allegations set forth in paragraph 17 of the Complaint.

18.  The defendant denies the allegations set forth in paragraph 18 of the Complaint.

19.  The defendant hereby incorporates its answers to the allegations contained in paragraphs 1 through 18 of the Complaint.

20.  The defendant admits the allegations set forth in paragraph 20 of the Complaint.

21.  The defendant admits that Robert Uselton was acting within the scope of his employment for the defendant at the time the motor vehicle he was operating collided with the plaintiff's motor vehicle.

22.  The defendant denies the allegations set forth in paragraph 22 of the Complaint.

23.  The defendant denies the allegations set forth in paragraph 23 of the Complaint.

24.  The defendant denies the allegations set forth in

paragraph 24 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust her administrative remedies and this Court, therefore, lacks subject matter jurisdiction.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's damages and losses, if any, were solely and proximately caused by the plaintiff's own negligence.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff is prohibited from recovering damages because the plaintiff's negligence was greater than any negligence of the defendant.  In the event that the plaintiff is awarded damages, any recovery must be diminished in proportion to the plaintiff's own negligence compared to any negligence of the defendant.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's recovery of damages, if any, is limited to the amount the plaintiff sought in the administrative claim the plaintiff presented to the Department of the Navy.

## FIFTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, the defendant is not liable for the payment of prejudgment interest on any recovery obtained by the plaintiff.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:    _____
Thomas J. O'Connor, Jr.
Assistant U.S. Attorney
U.S. Attorney's Office
Federal Building & Courthouse
1550 Main Street, Room 310
Springfield, MA  01103
(413) 785-0395


## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Stuart E. Weitz, Esq.
Weitz & Weitz
95 State Street, Suite 715
Springfield, MA 01103

This 11th day of October, 2005.

_____
Thomas J. O'Connor, Jr.
ASSISTANT U.S. ATTORNEY